# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH D. JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JESSIE K. LIU, *et al.*,<br><br>    Defendants. | Civil Action No. 19-126 (BAH)<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

Keith Johnson, a D.C. prisoner proceeding *pro* se, filed this "Malicious Prosecution" action in D.C. Superior Court against the United States Attorney for the District of Columbia and an Assistant United States Attorney ("AUSA"), alleging in a single paragraph that the defendants failed to disclose that his D.C. Superior Court indictment was secured through allegedly perjured grand jury witness testimony, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and seeking "$99.5 million" in damages. *See* Compl. at 1, ECF No. 1-1. The government removed the action, *see* Notice of Removal, ECF No. 1, and filed a notice that this case is related to a previous lawsuit filed by the plaintiff against the government in *Johnson v. United States*, Civil Action No. 18-cv-2608 ("First Action"), *see* Gov't's Notice of Related Case at 1, ECF No. 3. Indeed, the instant Complaint raises an identical claim to the claim in the plaintiff's First Action, except this case names as defendants the current United States Attorney and a different AUSA. *See* Compl.

Pending before the Court is the government's Motion to Dismiss, ECF No. 6, for, *inter alia*, lack of subject matter jurisdiction and failure to exhaust administrative remedies.[1] Shortly after the government filed its motion, on February 4, 2019, the Court advised the plaintiff of his obligations under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court to file an opposition to the government's motion by March 1, 2019. *See* Order at 1–2, ECF No. 7 (citing *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992), and *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988)). On March 13, 2019, after receiving the *Fox*/*Neal* Order, the plaintiff explained that he "would like to have more time to respond," Pl.'s Letter Seeking Extension of Time (Mar. 13, 2019), ECF No. 10, which request for an extension of time was granted until March 21, 2019, Min. Order (Mar. 13, 2019) (granting extension of time).[2] The plaintiff, however, never subsequently filed a response. The government's motion is thus ripe for resolution.

Pursuant to the Westfall Act, 28 U.S.C. § 2679(d), the plaintiff's malicious prosecution tort claim is treated as against the United States because the government certified that the plaintiff's Complaint concerns actions by government officials who "were acting within the scope of their employment as employees of the United States at the time of the alleged incident," *see* Gov't's Mot. Dismiss, Ex. C, Certification at 1, ECF No. 6-4; *see also Wasserman v. Rodacker*, 557 F.3d 635, 638–39 (D.C. Cir. 2009). This action, in turn, is dismissed, for the

---

[1] Since the government's motion is resolved on the two referenced grounds, the remaining proffered bases for why the plaintiff's claim should be dismissed, including (1) the doctrine of derivative jurisdiction; (2) insufficient service; (3) failure to state a viable claim for malicious prosecution; and (4) *Heck v. Humphrey*, 512 U.S. 477 (1994), need not be addressed.

[2] Prior to the Court's *Fox*/*Neal* Order, on February 1, 2019, the plaintiff wrote a sparse, one-page letter that conclusorily states "this matter should not be removed" or "dismissed." Pl.'s Letter at 1 (Feb. 1, 2019), ECF No. 8. This letter fails to contest the bases for the government's motion to dismiss. Additionally, the government properly removed this action because the plaintiff sued named officials for allegedly tortious acts, performed in their roles as officials of the United States. *See* Notice of Removal at 1 (citing 28 U.S.C. §§ 1442(a)(1), 1446).

same reasons for which the First Action is dismissed. *See Johnson v. United States*, 18-cv-2608-BAH, Mem. Op. & Order (Apr. 2, 2019), ECF No. 21.

Specifically, the plaintiff's claim arises under the Federal Tort Claims Act ("FTCA"), since he seeks to hold the United States liable in tort. *See Wuterich v. Murtha*, 562 F.3d 375, 380 (D.C. Cir. 2009).[3] The FTCA, however, does not waive the government's sovereign immunity for malicious prosecution claims against federal prosecutors. *See Moore v. United States*, 213 F.3d 705, 710 (D.C. Cir. 2000); *Hobley v. United States*, No. 07-cv-253 (JDB), 2007 WL 1821157, at *3 (D.D.C. June 25, 2007). As a result, the plaintiff's claim is barred. In the alternative, jurisdiction is lacking because the plaintiff never filed an administrative tort claim with the U.S. Attorney's Office for the District of Columbia, and therefore failed to exhaust his administrative remedies. *See* Gov't's Mot. Dismiss, Ex. B, Decl. of Daniel F. Van Horn, Chief, Civil Division, USAO D.C., ECF No. 6-3; *see also McNeil v. United States*, 508 U.S. 106, 113 (1993); *Mallory v. U.S. Dep't of Housing & Urban Devel.*, No. 13-cv-0367 (CKK), 2014 WL 775258, at *1 (D.D.C. Feb. 26, 2014). Accordingly, the plaintiff's claim shall be dismissed.

Upon consideration of the government's Motion to Dismiss, ECF No. 6, the memoranda, exhibits, and declarations submitted in support of, and opposition to, the pending motion, and the entire record herein, for the reasons set forth in in this Memorandum and Order, it is hereby

---

[3] The plaintiff's Complaint indicates that his claim sounds in tort, *see* Compl. at 1 (claiming "Malicious Prosecution"), even though aspects of the plaintiff's submissions suggest that he also may be asserting a constitutional claim, *see id.* (alleging *Brady* violation). To the extent that the plaintiff is seeking to assert a constitutional claim, this effort fails. "Federal constitutional claims for damages are cognizable only under [*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)] against individual governmental officials personally," *Loumiet v. United States*, 828 F.3d 935, 945 (D.C. Cir. 2016); *see also id.* (distinguishing FTCA claims, which "provide[] a method to enforce state tort law against the federal government" from *Bivens* constitutional claims against individual federal officers). The plaintiff may not proceed via *Bivens*, however, because a prosecutor's "failure, be it knowing or inadvertent, to disclose material exculpatory evidence before trial . . . falls within the protection afforded by absolute prosecutorial immunity." *Moore v. Valder*, 65 F.3d 189, 194 (D.C. Cir. 1995).

**ORDERED** that the government's Motion to Dismiss, ECF No. 6, is **GRANTED**; and it is further

**ORDERED** that this action is **DISMISSED**; and it is further

**ORDERED** that the Clerk of Court is directed to close this case.

**SO ORDERED**.

Date: April 2, 2019

*This is a final and appealable order.*

_____
BERYL A. HOWELL
Chief Judge